# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK R. GRAY III, | CASE NO. 1:10-cv-00207 LJO GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| HECTOR RIOS, et al., | (ECF NO. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.      Screening Requirement**

Plaintiff is a former federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claims

Plaintiff, a former federal prisoner, brings this civil rights action against officials employed by the U.S. Bureau of Prisons (BOP). The events at issue in this lawsuit occurred while Plaintiff was housed at the U.S. Penitentiary in Atwater. Plaintiff's sole claim in this action is that BOP officials restricted his placement in a halfway house to 6 months. Plaintiff contends that he was entitled to placement in a halfway house more than 180 days before his release from federal custody.

### A. Section 1983

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff does not make reference to any other causes of action, or basis for federal jurisdiction. There are no allegations that any of the named defendants acted under color of state law, or in any capacity as an employee of the State. Plaintiff only names federal officials. A Bivens action is a judicially created counterpart to 42 U.S.C. § 1983 for claims against federal officers.[1] Since federal officials do not ordinarily act under color of state law, constitutional violations by federal officials are generally beyond the reach of section 1983. Because Plaintiff has not alleged any conduct by any defendant under color of state law, this action should be dismissed.

### B. Halfway House

As relief, Plaintiff seeks an order from this Court determining that Plaintiff was entitled to be released to a halfway house earlier than the statutorily authorized period of 180 days before his release date. Prisoners have no liberty interest in being housed at a particular institution. See Olim

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1991)(per curiam); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).  Assuming the facts of the complaint to be true, Plaintiff has not stated a claim upon which relief could be granted.

### III.     Conclusion and Recommendation

Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's claim arises from a determination by federal officials that Plaintiff was not entitled to release to a halfway house earlier than 180 days before his release date.   Plaintiff has no liberty interest in placement in a halfway house prior to his release from federal custody.  Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 28, 2011**            /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE